NO. 14-1976

In The
United States Court of Appeals
For The Eighth Circuit

_____

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**DAVID JERMAINE GRIFFITH,**
*Appellant.*

_____

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

**ADDENDUM OF
APPELLANT DAVID JERMAINE GRIFFITH**
_____

JAMES E. OSTGARD
Attorney at Law
P.O. Box 582536
Minneapolis, Minnesota 55458-2536
(612) 750-1455

*Attorney for Appellant David Jermaine Griffith*

# TABLE OF CONTENTS

Indictment                                                    1

Order Denying Motion for Judgment of Acquittal                4

Judgment in a Criminal Case                                   6

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID JERMAINE GRIFFITH, )<br>)<br>Defendant. ) | **INDICTMENT** CR 13-205DSD/FLN<br><br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(a)(2)<br>18 U.S.C. § 924(d)(1)<br>18 U.S.C. § 924(e)<br>18 U.S.C. § 2461(c) |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Armed Career Criminal in Possession of a Firearm)

On or about June 5, 2013, in the State and District of Minnesota, the defendant,

**DAVID JERMAINE GRIFFITH,**

having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, namely:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Illegal Possession of a Controlled Substance (Cocaine) | Jefferson County, KY | June 13, 1994 |
| Burglary in the Third Degree | Jefferson County, KY | June 13, 1994 |
| Unlawful Transaction with a Minor in the Second Degree | Jefferson County, KY | June 13, 1994 |
| Burglary in the Third Degree | Jefferson County, KY | June 15, 1994 |
| Criminal Mischief in the First Degree | Jefferson County, KY | June 15, 1994 |



SCANNED
AUG 1 2 2013
U.S. DISTRICT COURT MPLS

U.S. v. David Jermaine Griffith

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Receiving Stolen Property | Jefferson County, KY | June 17, 1994 |
| Bail Jumping | Jefferson County, KY | August 5, 1997 |
| Escape in the Second Degree | Jefferson County, KY | December 6, 1999 |
| Receiving Stolen Property | Jefferson County, KY | November 25, 2002 |
| Burglary in the Second Degree | Winona County, MN | November 15, 2005 |
| Fleeing a Peace Officer in a Motor Vehicle | Winona County, MN | November 15, 2005 |
| Arson in the Second Degree | Olmstead County, MN | January 19, 2010 |

did knowingly possess in and affecting interstate and foreign commerce a firearm, namely, a Remington model 1100 12 gauge shotgun, serial number M206159M, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## FORFEITURE ALLEGATIONS

Count 1 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c).

As a result of the forgoing offense, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm or ammunition involved in or used in any knowing violation of Sections 922(g) and 924(e)(1), including a firearm, namely Remington model 1100 12 gauge shotgun, serial number M206159M, all in violation of Title 18, United States Code, Sections 922(g)(1), 924(e)(1), and 924(d)(1),

U.S. v. David Jermaine Griffith

in conjunction with Title 28, United States Code, Section 2461(c).

A TRUE BILL

| _____ | _____ |
|---|---|
| UNITED STATES ATTORNEY | FOREPERSON |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-205(DSD/FLN)

United States of America,

        Plaintiff,

v.                                              **ORDER**

David Jermaine Griffith,

        Defendant.

    This matter is before the court upon the motion for judgment of acquittal by defendant David Jermaine Griffith. Griffith made the motion at trial after the government closed its evidence. The court reserved decision on the motion until after the jury returned its verdict. The jury found Griffith guilty of being a felon in possession of a firearm, and the court now addresses the motion.

    Upon a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." <u>United States v. Cacioppo</u>, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of

Appellate Case: 14-1976    Page: 6    Date Filed: 06/26/2014 Entry ID: 4169306

the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

In the present case, the government offered evidence that was more than sufficient to sustain a conviction. Therefore, denial is warranted. Accordingly, **IT IS HEREBY ORDERED** that the motion for judgment of acquittal is denied.

Dated:  November 14, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

# United States District Court
## District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**David Jermaine Griffith** | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number: **13-205(DSD/FLN)**<br>USM Number: **17239-041**<br>Social Security Number: **6666**<br>Date of Birth: **1975**<br><br>**Shannon R. Elkins**<br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]  pleaded guilty to count(s): .
[ ]  pleaded nolo contendere to counts(s) which was accepted by the court .
[x]  was found guilty on count **1 of the Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(g), 924(a)(2) and 924(e) | Armed career criminal in possession of a firearm | 6/5/2013 | 1 |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) .
[ ]  Count(s)  (is)(are) dismissed on the motion of the United States.

Special Assessment in the amount of $100.00 due immediately.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**April 14, 2014**
Date of Imposition of Judgment

s/David S. Doty
Signature of Judge

**DAVID S. DOTY**, Senior United States District Judge
Name & Title of Judge

**April 14, 2014**
Date

Appellate Case: 14-1976    Page: 8    Date Filed: 06/26/2014 Entry ID: 4169306

AO 245B (Rev. 10/11)  Sheet 2 - Imprisonment

DEFENDANT:         DAVID JERMAINE GRIFFITH
CASE NUMBER:    13-205(DSD/FLN)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **262 months**.

[x]    The court makes the following recommendations to the Bureau of Prisons:

**Incarceration in the state of Minnesota or in the Midwest United States.**
**Defendant be allowed to participate in the 500-hour comprehensive drug treatment program offered by the Bureau of Prisons if he is eligible.**

[x]    The defendant is remanded to the custody of the United States Marshal.

[]    The defendant shall surrender to the United States Marshal for this district.
      [] at   on .
      [] as notified by the United States Marshal.

[]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [] before  on .
      [] as notified by the United States Marshal.
      [] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

        Defendant delivered on_____ to _____
     a _____, with a certified copy of this judgment.

                                                                    _____
                                                                    United States Marshal

                                                              By    _____
                                                                    Deputy United States Marshal

AO 245B (Rev. 10/11) Sheet 3 - Supervised Release

DEFENDANT: DAVID JERMAINE GRIFFITH
CASE NUMBER: 13-205(DSD/FLN)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[x]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Appellate Case: 14-1976   Page: 10   Date Filed: 06/26/2014 Entry ID: 4169306

AO 245B (Rev. 10/11) Sheet 3A - Supervised Release

DEFENDANT: DAVID JERMAINE GRIFFITH
CASE NUMBER: 13-205(DSD/FLN)

# SPECIAL CONDITIONS OF SUPERVISION

a    The defendant shall participate in a program for substance abuse as approved and directed by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

b    Defendant shall submit his person, residence, office, vehicle or an area under his control to a search conducted by a U.S. Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. Defendant shall warn any other residents or third parties that the premises and areas under his control may be subject to searches pursuant to this condition.

c    If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

AO 245B (Rev. 10/11)  Sheet 5 - Criminal Monetary Penalties

DEFENDANT:      DAVID JERMAINE GRIFFITH
CASE NUMBER:    13-205(DSD/FLN)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $100.00   | -0-  | -0-         |

[ ]  The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $0.00 | $0.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[ ]  Restitution amount ordered pursuant to plea agreement $.

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]  the interest requirement is waived for the [ ] fine [ ] restitution.

   [ ]  the interest requirement for the: [ ] fine  [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 10/11) Sheet 6 - Schedule of Payments

DEFENDANT:       DAVID JERMAINE GRIFFITH
CASE NUMBER:     13-205(DSD/FLN)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   []   Lump sum payment of $ due immediately, balance due

         [] not later than , or
         [] in accordance [] C, [] D, [] E, or [] F below; or

B   []   Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $  over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days) after the date of this judgment; or

D   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days ) after the release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   []   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]   Joint and Several
     Defendant and Co-Defendant Names and  Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[]   The defendant shall pay the cost of prosecution.

[]   The defendant shall pay the following court cost(s):

[x]  The defendant shall forfeit the defendant's interest in the following property to the United States:

**Any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. 922(g), 924(e)(1), including a firearm namely a Remington Model 1100 12-gauge shotgun, serial number M206159M**

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.